# Armstrong County Trust Co., Trustee, *v.* Freeport Water Works Co. et al., Appellants.

*Corporations—Corporate mortgage—Default—Request to trustee to foreclose—Trustee's initiative.*

1. Where a mortgagor in a trustee mortgage defaults, it becomes the duty of the trustee to take steps for the protection of the bondholders without request from them.

2. If the trustee institutes a suit for foreclosure at the instance of a bondholder, and so recites that fact in its bill, it may continue the suit to final decree, although it is discovered that the bondholder in question was not the owner of the bonds claimed by him.

1927.]        Arguments—Opinion of the Court.

*Appeals—Moot questions.*

3. Questions which are moot will not be considered on appeal.

Argued September 27, 1927.   Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

Appeals, Nos. 85 and 110, March T., 1927, by defendants, from decree of C. P. Armstrong Co., Dec. T., 1925, No. 46, of foreclosure, in case of Armstrong County Trust Co., trustee, v. Freeport Water Works Co. and E. N. Gillespie, intervening defendant.   Affirmed.

Bill for foreclosure of corporation mortgage.   Before GRAFF, P. J.

The opinion of the Supreme Court states the facts.

Decree for foreclosure.   Defendants appealed.

*Error assigned,* inter alia, was decree, quoting record.

*Harry A. Heilman,* with him *James R. Miller* and *Alexander C. Tener,* for appellants.—The possessors of bonds as collateral were "holders" within the meaning of the mortgage: Muirhead v. Kirkpatrick, 21 Pa. 237; McCurdy's App., 65 Pa. 290.

A party is not permitted to state one case in a bill and present a different one in his evidence: Boone v. Chiles, 35 U. S. 177; McElwain v. Yardley, 9 Wend. 549; Harrison v. Nixon, 34 U. S. 483; Farmers Loan & Trust Co. v. Ry. Co., 150 N. Y. 410.

*John W. Rohrer,* with him *John S. Porter* and *Alter, Wright & Barron,* for appellee, cited: Watkins v. Justice, 256 Pa. 42.

OPINION BY MR. JUSTICE WALLING, November 28, 1927:

On April 1, 1921, the Freeport Water Works Company, chartered for the purpose of supplying water in the Borough of Freeport, Armstrong County, Penna.,

duly executed and delivered a mortgage to the Armstrong County Trust Company, in trust, to secure an issue of bonds to the par value of $250,000, maturing April 1, 1946, with interest payable annually on April 1st, of each year. Section 2 of article V of the mortgage provides, inter alia, "In case default shall be made (1) in the payment of the principal or of any interest on any bond or bonds hereby secured and outstanding, and any such default shall have continued for a period of sixty (60) days......, then and in every such case the trustee may, and if so requested by the holders of twenty-five (25) per cent in amount of the bonds hereby secured and then outstanding, shall declare the principal of all the bonds hereby secured and then outstanding to be due and payable immediately; and upon any such declaration the same shall become and be due and payable immediately, anything in this identure or in said bonds to the contrary notwithstanding." The section further provides that upon payment of all matured interest a majority of the bondholders may waive such default and its consequences. Section 3 provides, inter alia, "In case any default shall be declared against the water company as provided in section 2 of this article, the water company, upon demand of the trustee, shall and will forthwith surrender to the trustee the actual possession, and the trustee shall be entitled forthwith, with or without process of law, to enter into and upon and take possession of all and singular the property and premises hereby mortgaged or pledged or intended so to be, and each and every part thereof...... and to exclude the water company and its agents and servants wholly therefrom," and also provides for such distribution of the income as to protect the bondholders. Section 4 provides, inter alia, "The principal of the bonds secured hereby having become due at maturity, or been made due as in this article provided, the trustee in its discretion may, after entry, or without entry and taking possession, and shall, if so requested in writing

by the holders of twenty-five (25) per cent in amount of the bonds then outstanding and unpaid, proceed to sell, at public auction, either as a whole or in parts or parcels, as the trustee in its discretion may deem best, unto the highest and best bidder, all and singular the property then subject to the lien of these presents." Article 7 provides that the water company will execute and deliver all deeds, conveyances, etc., which may become necessary to better carry out the intent and purpose of this mortgage. The mortgage contains many other provisions, to which special reference is not deemed necessary. On April 1, 1925, and thereafter the mortgagor wholly defaulted in payment of the annual interest due on the bonds. On August 5, 1923, Joseph F. Guffey, claiming ownership of more than twenty-five per cent of the outstanding bonds, gave the trustee written notice of such default and requested it to declare the principal of all the outstanding bonds due and payable because of such default and the provisions of the mortgage. Thereafter, on August 8, 1925, the trustee gave the mortgagor written notice of such default, calling attention to the above quoted provisions of section 2 of article V of the mortgage, and also to the request of Guffey, and declaring that, by reason of such default, the principal unpaid on all the outstanding bonds secured by the mortgage, due and payable immediately, and further, by virtue of the above quoted provisions of section 3 of article V, demanding immediate possession of the water works plant and all property embraced in the mortgage. The mortgagor declined to surrender possession as requested, or in any manner to make good the default. Hence, on October 16, 1925, the trustee filed this bill, setting out, inter alia, the default, notice, etc., with a prayer that the defendant be ordered and decreed to surrender possession of the mortgaged premises, that the trustee might take and retain the same; also for an order authorizing the trustee to make sale of the property, etc., as provided in the mortgage. To which bill

the defendant filed an answer as did also E. N. Gillespie, a bondholder and stockholder, who intervened in the latter capacity only. Various matters were interposed in defense but all were abandoned save the fact that Guffey, prior to giving the notice in question, had pledged his bonds, as collateral security for loans, and was not the owner of twenty-five per cent of the outstanding bonds qualifying him to give such notice. The trial court so found the fact, but, by final decree, granted the relief prayed for on the ground that the proceeding to foreclose was valid regardless of notice from bondholders; from which defendant has appealed.

We concur with the trial court's conclusion. By the terms of the mortgage, in case of default, the trustee may proceed on its own initiative and must do so on notice from one-fourth or more of the bondholders. While the notice to the defendant water company calls attention to the Guffey notice and request, it also calls attention to the section in the mortgage authorizing it to proceed with or without such notice, and to like import is the bill. It does not appear that the foreclosure proceeding was based solely on the Guffey notice or that it would not otherwise have been taken. That it was consistently persisted in after the status of the Guffey bonds appeared, supports the conclusion that it was the trustee's voluntary act. The trial court well concludes that to set the proceeding aside would be a vain thing as the trustee could start it again at once. Moreover, there is no legal reason for setting aside the foreclosure proceeding; for, treating the Guffey notice as surplusage, the trustee's case remains perfectly regular and valid. The suggestion, therefore, that relief in equity must follow the averments and prayer of the bill, while perfectly sound, is not applicable. The only authority called to our attention in seeming support of appellant's (defendant's) position is properly distinguished by the trial court, as follows, "Defendant relies upon a dictum contained in the case of The Farmers Loan and Trust Company, as trustee, respondent, v. The New York and

Northern Railway et al., etc., 150 N. Y. 410. It will be observed that the trustee in that case relied upon the request of the bondholders entirely. The request of the bondholders, itself, was served upon the mortgagor and it is apparent that [the] sole reason for instituting the foreclosure was the direct result of the request and that it was so alleged. The case is distinguishable from the one at bar and we cannot regard the dictum as controlling." All that can be said for the case just cited is that, while the decision was based entirely on other grounds, the court thought it very doubtful whether a foreclosure proceeding started at the instance of bondholders could be continued by the trustee at its own option. We have been able to find no other authority which even tends to cast a doubt on the validity of the proceedings appealed from. While so far as we know the precise question raised here has not heretofore been passed upon, yet the authorities are uniform that, when the mortgagor makes default, it becomes the trustee's duty to take steps for the protection of the bondholders, without request from them. Assuming, therefore, that the pledgee of Guffey's bonds and not he was the proper party to give the notice in question, it does not affect the validity of the foreclosure proceeding; for when the mortgagor defaults, the duties of the trustee become active, and he may properly take steps to foreclose, with or without notice from the bondholders. See Com. v. Susq. & Del. R. R. Co., 122 Pa. 306.

As Gillespie intervened as a stockholder only, his rights are no higher than those of the defendant. He appears to be the owner of $22,000 par value of the bonds, but as there is no allegation or finding of fraud had he appeared as such bondholder, it would have been without avail.

The question of the appeal operating as a supersedeas has become moot and need not be considered.

The decree is affirmed and the appeal is dismissed at costs of appellant.